Maxwell, J.
This action was brought in the court below by appellee against defendant city to recover damages for injuries resulting from a fall upon the sidewalk of 15th street near Platte street, in the city of Denver.
The owners of the property adjacent to the sidewalk were made parties defendant to the suit. Upon demurrer they were dismissed therefrom.
The complaint alleged that for several years prior to the accident, the defendant maintained a sidewalk of stone flagging on the street in question; that at the place where the accident occurred there was a space of eight or ten feet from which the flagging had been removed, or which had never been ■paved, for the purpose of affording a driveway across the line of the sidewalk to the rear of the premises *437 adjacent to the street at that point, or, for the purpose of affording a drain to carry: off the flow of water from such premises to the gutter of the street; that the adjacent premises were higher than the street; that this driveway or drain was eight or ten inches lower than the surface of the sidewalk; that for many days prior to the accident, snow and ice had been allowed to accumulate in this driveway on the line of the sidewalk to a depth of six or seven inches, and that by reason of the same thawing, melting and freezing again, and being tramped upon, ice had been formed in such driveway, which became and was at the time of the accident, in such condition as to form an obstruction and render the sidewalk at that point unsafe for pedestrians; that to facilitate drainage the center of the driveway or drain was lower than the sides; that a light fall of snow covered the accumulated ice and hid the slippery condition from view; that on the day of the accident, the plaintiff, while passing along the sidewalk, without negligence upon her part, stepped from the flagging into the driveway and upon the accumulated ice and snow, when she slipped, fell, and sustained the injuries complained of.
The answer was a general denial.
The character and extent of the injuries suffered by appellee were established by competent evidence and are practically conceded.
The accident happened to appellee about 8 o’clock of the morning of January 30, 1899, at which time she was pursuing her way to a nearby store; as she stepped from the flagging on to a step in the driveway she slipped, fell, and sustained the injuries.
The appellee alone testified as to the accident. From her testimony it appears that for a week or so prior to the accident she considered conditions safe enough; that the ice was on top of and covered the *438 step; that she stepped on the ice; that she took but one step off the flagging and as she was about to put her left foot down the right foot went from, under her.
It appears from other testimony that the driveway had existed for six or seven years prior to the accident and was used as a private alley by the occupants of the adjacent premises; that the sidewalk and street were quite steep; that snow and ice. in the driveway or drain had been allowed to accumulate and had there existed for at least two weeks prior to January 30; that the driveway or drain had snow and ice in it most of the time that winter; that across the driveway a plank walk was laid; that there was a .wooden step on either side of the driveway upon which pedestrians stepped to reach the surface of the drain and upon which appellee stepped when she slipped and fell, the step at that time being covered with ice and snow.
One of the witnesses testified that on the 27th of January, three days prior to this accident, he slipped and fell at the same place where appellee met with her accident.
Other witnesses testified that the accumulated snow and ice covered and concealed the step on the morning of January 30, and that there had been a light fall of snow the preceding night.
On behalf of defendant, the official in charge of the Denver office of the United States weather bureau testified that from the 2d to the 26th of January, inclusive, there had been practically no snow, that from the-27th to the 30th, inclusive, there had been eight or nine inches of snow, which leads to the conclusion that the accumulation of ice and snow in the driveway was largely due to the construction of the same, and its use as a drain for the abutting premises.
A witness for defendant, an officer of the city *439 attorney’s offic"e, testified that the plaintiff told him that she slipped off the flagging before reaching the driveway. This, plaintiff denied.
The trial resulted in a verdict and judgment in favor of appellee for $2,200.00.
At the close of the testimony the defendant requested the court to instruct the jury to return a verdict for the defendant, which was refused. Exception saved and error assigned thereon.
In view of the testimony, no error was committed in this ruling.
Under the authorities and the testimony, the questions of contributory negligence, the nature and character of the alleged defect, actual or constructive notice thereof upon the part of defendant, and its negligence in relation thereto, should have been submitted to the jury, under proper instructions.
It is said that there is a fatal variance between the allegations of the complaint and the testimony, in that the complaint alleged that the accident was caused by the snow and ice in the driveway, whereas the testimony of plaintiff showed that she stepped on the ice on the step. The step was at the end of and below the flagging, in the driveway, and a part of it. This point does not seem to have been called to the attention of the court below, no advantage taken of it, no attempt made to have the pleadings amended, if that was necessary, which we do not decide, and after verdict and judgment should not have been urged here. — Railroad Co. v. Conway, 8 Colo. 1; Denver v. Baldasari, 15 Colo. App. 157.
Exceptions were saved to each instruction given at the request of the plaintiff. Following each instruction is substantially this exception:
‘ ‘ To the giving of which instruction, the defendant by counsel then and there excepted.”'
Each of the instructions to which the above *440 exception is saved, contained more than one proposition of law. It is not contended that there is not a correct statement of the law upon some one or more of the propositions therein contained; in other words, it is not contended that the instructions to which the above exceptions were saved, are bad in their entirety.
The rule is stated by the supreme court in Beals v. Cone, 27 Colo. 473, 488, as follows:
“At the conclusion of the instructions given by the court of its own motion, which embraced the one under consideration, an exception in this form was preserved: ‘ To the giving of which instructions, and to each and every thereof, the plaintiff by his counsel then and there duly excepted. ’ This is equivalent to saving an exception to each instruction separately, but it cannot avail as against any instruction to which it is directed, which contains a correct statement of the law, because it is insufficient to point out that which is incorrect from that which is correct. ”
And also in French v. Guyot, 30 Colo. 222, 227:
“Moreover, the exceptions taken by the defendant to the instructions claimed to have been given, in no way called the attention of the court to any objectionable matter. The instructions, with one or two exceptions, which are unimportant, contain more than one proposition of law; and it has been held by this court that a general exception to an instruction which contains more than one proposition of law is not an exception which entitled the party to have the alleged error reviewed in this court.”
The assignments of error predicated upon the above exceptions were as follows:
“That the court erred in giving instruction No. 1, asked by plaintiff.”
Eule 11 of this court provides:
“"When the error alleged is to the charge of the- *441 court, the part of the charge referred to shall he quoted totidem verbis in the specifications ;■ Provided,where the charge is divided into separate paragraphs or instructions, which are each duly numbered, and error is assigned as to one or more entire paragraphs or instructions, it shall he sufficient to designate the part of the charge referred to by giving the number prefixed to each paragraph or instruction so assigned for error. ’ ’
The assignment of error in this form is sufficient when the objection is to the entire instruction, but when error is alleged to a portion only of the instruction, it is necessary, under this rule, to set forth the portion objected to totidem verbis.
For the foregoing reasons the assignments of error based on the instructions cannot be considered.
For the reasons above given, we are compelled to affirm the judgment.

Affirmed.